## IN THE MATTER OF THE BANKRUPTCY OF MARIA G. LEVINHO.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 30, 1897.          DECIDED JULY 31, 1897.

FREAR AND WHITING, JJ., AND S. M. BALLOU, ESQ., OF THE BAR, IN PLACE OF JUDD, C.J., ABSENT.

L. put her husband in full charge of her store; he, without disclosing his principal, ordered goods of M. to be delivered at the store for cash; the goods were delivered by M.'s servant who did not collect the price; the goods were incorporated in the store stock and part of them sold. Held, L. was liable in contract for the price of the goods.

#### OPINION OF THE COURT BY FREAR, J.

At the hearing to determine whether the defendant was a bankrupt or not, the petitioners, Gonsalves & Co., attempted to prove debts owing by the defendant to the amount of $527.58. The Circuit Judge disallowed one of the alleged claims, that of McChesney & Sons for $37.51, and as this reduced the alleged indebtedness below $500, the amount required by the bank-

ruptcy act, he dismissed the petition without, so far as appears, passing on the other claims.

In our opinion the item of $37.51 should have been allowed. The defendant kept a store in Honolulu. While temporarily absent on the island of Kauai she left her husband in charge of her store. She testified in substance that she left everything in his possession and charge; that he bought and sold goods; that she supposed he could do so, though she gave him no express authority to do so. During her absence, he ordered the goods in question of McChesney & Sons, to be delivered at the store and to be paid for in cash. The driver of McChesney & Sons' delivery wagon took the goods to the store, found it locked, and left the goods outside. He was sent back to get the goods or the money, but the goods had been moved inside and the store was locked. Part of the goods were sold in the course of the store business by the defendant's husband. McChesney & Sons appear not to have known then that the wife kept the store or that her husband was acting as her agent.

The facts above stated show that the husband had authority as agent of the wife to purchase goods for the store. If he could be held in contract for the value of the goods, she also could be held—as an undisclosed principal subsequently disclosed. The contention on behalf of the defendant is that no sale was effected, since there was to be a sale, if at all, for cash only, and McChesney & Sons did not intend to have the goods left at the store unless paid for and the driver left them there by mistake; that defendant's husband in taking the goods committed a tort or a crime, and that McChesney & Sons' remedy would be either replevin for the goods or an action for damages for their conversion. In our opinion this is one of those cases in which the tort, if any, may be waived and the action brought in contract.

It does not appear that the Circuit Judge passed on the other claims. We think it not advisable as a general rule for the appellate court to pass in the first instance upon facts in dispute upon the evidence.

The order appealed from is reversed and the case is remanded to the Circuit Judge.

*A. G. M. Robertson* and *C. Creighton,* for petitioners.

*L. A. Dickey,* for defendant.